# EXHIBIT "A"

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

Westmoreland County

*For Prothonotary Use Only:*

Docket No: 3844 of 2021

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

**Lead Plaintiff's Name:** KH, a Minor, by George and Anna Hare

**Lead Defendant's Name:** First Student, Inc.

**Are money damages requested?** [x] Yes [ ] No

**Dollar Amount Requested:** (check one)
- [ ] within arbitration limits
- [x] outside arbitration limits

**Is this a Class Action Suit?** [ ] Yes [x] No

**Is this an MDJ Appeal?** [ ] Yes [x] No

**Name of Plaintiff/Appellant's Attorney:** Vincent J. Barbera, Esq.

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- [ ] Intentional
- [ ] Malicious Prosecution
- [x] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability (does not include mass tort)
- [ ] Slander/Libel/Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** (do not include Judgments)
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other

- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other

- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

*Updated 1/1/2011*

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY PENNSYLVANIA

CIVIL

WESTMORELAND COUNTY CIVIL COVER SHEET

KH, a Minor, by George and Anna Hare, Guardians

Plaintiff(s)

vs.

First Student, Inc.

Defendant(s)

Judge: Hathaway
Case No. 3844 of 2021
Counsel: Vincent J. Barbera, Esq.
Representing: Plaintiffs
Pa. I.D. No. : 34441
Firm: Barbera Law
Address: 146 West Main Street
Somerset, PA 15501

Phone No. (814) 443-4681
Fax No. (814) 443-2422
E-mail vbarbera@barberalaw.com

PLEASE ANSWER THE FOLLOWING:

1. Is the Amount In Controversy Less Than $30,000?  ☐ Yes  ☑ No
2. Does This Case Involve Discovery of Electronically Stored Information?  ☑ Yes  ☐ No
3. Does This Case Involve a Construction Project?  ☐ Yes  ☑ No

ENTRY OF APPEARANCE

TO THE PROTHONOTARY: Please enter my appearance on behalf of the Plaintiff/Petitioner/Appellant. Papers may be served at the address set forth above.

Signature: _____    Date: 10/5/21

Original – Prothontary                Copies - Judge and Opposing Counsel

Revised 5/26/2010

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

KH, a Minor, by GEORGE and ANNA HARE, Guardians

        Plaintiffs,

vs.

FIRST STUDENT, INC.,

        Defendant.

No. 3844 of 2021

CIVIL ACTION
JURY TRIAL DEMANDED

# NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff(s). You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

        Lawyer Referral Service
        Westmoreland Bar Association
        PO Box 565
        Greensburg, PA 15601
        Telephone: (724) 834-8490
        http://lrs.westbar.org

CHRISTINA O'BRIEN  2021 OCT -7 P 3:24  FILED PROTHONOTARY'S OFFICE WESTMORELAND COUNTY

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA

| | |
|---|---|
| KH, a Minor, by GEORGE and ANNA HARE, Guardians <br><br> Plaintiffs, <br><br> vs. <br><br> FIRST STUDENT, INC., <br><br> Defendant. | No. 3844 OF 2021 <br><br> CIVIL ACTION <br> JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW, come the Plaintiffs, George and Anna Hare, parents and natural guardians of minor child KH, by their attorneys, Vincent J. Barbera, Esq., and Steven J. Brunner, Esq., of the law firm of Barbera, Melvin & Svonavec, LLP, and demand damages against the Defendant, First Student, Inc., upon causes of action whereof the following are statements:

1. George and Anna Hare are adult individuals who reside at 3265 Pens Lane, Mount Pleasant, Westmoreland County, Pennsylvania 15666.

2. Plaintiff, KH is a minor child of George and Anna Hare and resides with them at 3265 Pens Lane, Mount Pleasant, Westmoreland County, Pennsylvania 15666.

3. Defendant, First Student, Inc. is a corporation that has offices and a place of business at 3460 State Route 981, Mt. Pleasant, Westmoreland County, Pennsylvania 15666.

4. This Court has jurisdiction over Defendant First Student, Inc., as it regularly conducts business in Westmoreland County, Pennsylvania, and its employee was operating the school bus owned by the Defendant that was involved in the accident giving rise to this action.

5. The accident happened in Westmoreland County, Pennsylvania.

## COUNT I
## NEGLIGENCE

6. Plaintiffs, incorporate herein by reference thereto, all of the allegations contained in paragraphs 1 through 5 above as if the same were more fully set forth herein at length.

7. At the time of the matters hereinafter alleged, Defendant, First Student, Inc. ("First Student") was the owner of the school bus being operated by Lois Stout ("First Student's Driver").

8. At the time of the matters hereinafter alleged, First Student's Driver was an employee of Defendant, First Student.

9. At the time of the matters hereinafter alleged, First Student's Driver was acting within the course and scope of her employment by First Student as she operated the bus.

10. On October 1, 2009, KH boarded a First Student owned and operated school bus being operated by First Student's Driver to return to her home from school where she was a kindergarten student.

11. At the time of the matters hereinafter alleged, Plaintiff, KH, who was five (5) years old at the time, was a passenger in First Student's school bus operated by First Student's Driver.

12. As the bus proceeded to drop the students off, First Student's Driver became frustrated with the behavior of other children on the bus.

13. Attempting to stifle the behavior of the other children on the bus, First Student's Driver rapidly, unexpectedly, unnecessarily, and unreasonably applied the brakes of the bus causing all of the passengers to be jolted by the sudden decrease in speed in an unusual and extraordinary manner beyond any passenger's reasonable anticipation.

14. No extenuating circumstances existed inside or outside of the school bus to warrant the unreasonable application of the brakes.

15. The bus was not undergoing any mechanical issues at the time of the incident.

16. KH was seated immediately prior to the incident.

17. KH was helpless to the forces of inertia and was sent flying off her seat to the floor and into the metal bracket of the partition in front of her.

18. Upon realizing that KH was lying on the floor, First Student's Driver stopped the bus to investigate.

19. Discovering that the forceful impact of KH's head caused a laceration, which began to bleed immediately, First Student's Driver provided KH a paper rag to hold against the wound. Then First Student's Driver continued to drive her bus route.

20. KH's grandfather, George Hare, Sr., was waiting at the bus stop to greet KH.

21. When KH got off the bus, there was blood all down her dress even onto her ruffled socks, her head was bleeding, and she had the rag still on her head.

22. Seeing KH's injury, KH's grandfather questioned First Student's Driver for details of the cause, to which First Student's Driver relayed the above described cause of the accident.

23. The aforedescribed accident and the personal injuries and damages sustained by the Plaintiff, KH, occurred as a result of and were proximately caused by the careless, negligent, grossly careless, grossly negligent and reckless conduct of First Student's Driver, which conduct is imputed to her employer, Defendant First Student, as described in the preceding paragraphs and as more fully described as follows:

(a) Defendant's driver rapidly, unexpectedly, unnecessarily, and unreasonably applied the brakes to the bus causing the passengers to be jolted by the sudden decrease in speed in an unusual and extraordinary manner beyond the reasonable anticipation of the passengers.

(b) In operating the bus with absolute disregard to the rights and safety of KH.

(c) In operating the bus in such an unreasonable manner so as to cause KH to be thrown off the seat in which she was sitting and on to the floor and into the metal bracket of the partition in front of her.

(d) In failing to properly impose or maintain discipline on the bus without creating a serious risk of physical harm to KH and all the children on the bus.

(e) In failing to promptly render proper first aid to the injured KH.

(f) In simply sticking a paper rag on KH's forehead and then continuing to follow the First Student's Driver's route without regard to the health, safety and wellbeing of KH.

(g) In failing to promptly report KH's injuries to First Student and/or to medical personnel and in failing to promptly seek out medical treatment for KH.

24. Due to the above described negligence of First Student's Driver, who was in the course and scope of her employment with First Student, and therefore whose negligence is imputed to First Student, KH suffered serious and severe injuries more fully described as follows:

(a) Facial laceration;

(b) Concussion;

(c) Multiple hematomas;

(d) peri-orbital ecchymosis and edema;

(e) frontal lobe laceration with wound infection;

(f) traumatic head and brain injury;

(g) swelling and severe pain of her head;

(h) severe and dramatic loss of vision;

(i) trauma induced linear morphea;

(j) traumatic optic neuropathy in her left eye;

(k) severe damage to her eye sight causing her to be legally blind in her left eye;

(l) unsightly scarring in the middle of her forehead;

(m)  balance impairments;

(n)  difficulty with convergence of her eyes;

(o)  macrocephaly and volume loss of the frontal lobes of her brain; and

(p)  other serious and severe injuries.

25. Solely as a result of the aforesaid injuries caused by the conduct of the Defendant the Plaintiff, KH, has endured severe pain and suffering, both physical and mental, and severe stress, strain, mental anguish, anxiety, humiliation and inconvenience, and will in the future continue to endure such pain and suffering, stress, strain, mental anguish, anxiety, humiliation and inconvenience by reason of said injuries.

26. Solely as a result of the aforementioned injuries caused by the conduct of the Defendant as aforesaid, the Plaintiff, KH, has incurred the following damages among others:

(a)  She has, may and probably will for an indefinite time in the future be obligated to expend various sums of money for medical and surgical attention, hospitalization, medicines, drugs, prosthetic devices, and other medical expenses in and about endeavoring to treat and cure herself of said injuries.

(b)  She has, may and probably will for an indefinite time in the future suffer a loss of earnings.

(c)  She has, may and probably will for an indefinite time in the future suffer great pain, inconvenience, embarrassment and mental anguish.

(d)  She has, may and probably will for an indefinite time in the future be deprived of the ordinary pleasures of life, loss of well-being and equanimity.

(e)  She has suffered a permanent diminution of her earning capacity and power.

(f)  Her overall health, strength and vitality has been greatly impaired.

**WHEREFORE**, the Plaintiffs seeks damages against the Defendant in the sum of more than $30,000.00 plus costs, interest and such other relief as this Court deems just.

JURY TRIAL DEMANDED.

## COUNT II
## NEGLIGENT TRAINING AND SUPERVISION

27. Plaintiffs, incorporate herein by reference thereto, all of the allegations contained in paragraphs 1 through 26 above as if the same were more fully set forth herein at length.

28. First Student was responsible for properly training and supervising First Student's Driver.

29. First Student, negligently failed to properly train and supervise First Student's Driver inter alia as follows:

   (a) In failing to properly train First Student's Driver to not use sudden hard braking of the bus, with its attendant rapid deceleration, as a means to discipline student passengers, despite First Student's prior knowledge that this was a common practice of First Student's drivers, including First Student's Driver.

   (b) In failing to properly train First Student's Driver as to the appropriate way to maintain order among the student passengers on her bus.

   (c) In failing to train First Student's Driver as to appropriate braking and stopping of the school bus so as to not cause student passengers to be flung forward and injured.

   (d) In failing to appropriately train First Student's Driver as to proper methods of maintaining discipline on the school bus.

   (e) In failing to stop First Student's Driver from slamming on the brakes of the bus she was operating for the purpose of causing student passengers to behave when First Student knew or should have known of her propensity to engage in this conduct.

   (f) In failing to have cameras in place so as to monitor First Student's Driver during the course of her driving of student passengers.

(g)   In failing to properly train First Student's Driver in providing first aid to student passengers.

(h)   In failing to properly train First Student's Driver on the appropriate method of reporting accidents and injuries involving the student passengers and the importance of obtaining or providing prompt and proper treatment for injuries to student passengers including KH.

(i)   In failing to respond promptly and appropriately to any reporting of injuries to KH by First Student's Driver.

30.   As the direct and proximate result of First Student's negligence as more fully set forth above, KH suffered the injuries and damages more fully set forth above.

**WHEREFORE**, the Plaintiffs seeks damages against the Defendant in the sum of more than $30,000.00 plus costs, interest and such other relief as this Court deems just.

JURY TRIAL DEMANDED.

Respectfully submitted,

BARBERA, MELVIN & SVONAVEC, LLP

By: _____
Vincent J. Barbera, Esq.
Court Adm. Cert. No.:34441

By: _____
Steven J. Brunner, Esq.
Court Adm. Cert. No.: 324253
146 West Main Street
P.O. Box 775
Somerset, Pennsylvania 15501-0775
Tel: (814) 443-4681
Attorneys for the Plaintiffs

## Verification Pursuant to
## 42 Pa.C.S.A. §102 and Pa. R.Civ.P. 76

We verify that the statements contained in the foregoing Complaint are true and correct to the best of our knowledge, information and belief. We understand that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

Date: 09/28/21

George Hare

Date: 09/28/21

Anna Hare

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Attorney for Plaintiffs
Signature: *[signature]*
Name: Vincent J. Barbera, Esq.
Attorney No. (if applicable): 34441