IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | |
|---|---|
| K.H., A MINOR, BY GEORGE AND ANNA HARE, GUARDIANS;<br><br>Plaintiff,<br><br>vs.<br><br>FIRST STUDENT, INC.,<br><br>Defendant, | 2:21-CV-01629-CRE |

## MEMORANDUM OPINION[1]

Cynthia Reed Eddy, Chief United States Magistrate Judge.

This civil action was initiated in this court on November 10, 2021, by Plaintiffs, K.H., a minor, and her guardians George and Anna Hare, when Defendant, First Student, Inc., removed this case from the Westmoreland County Court of Common Pleas. (ECF No. 1). In the Amended Complaint, Plaintiffs assert two causes of action against Defendant: Count I – negligence; and Count II – negligent supervision and training. *See* Amend. Compl. (ECF No. 9). This court has subject matter jurisdiction over the controversy pursuant to 28 U.S.C. § 1332(a).

Presently before the court is a motion by Defendant to dismiss Count II of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. In addition, Defendant seeks to strike Plaintiffs' allegations related to punitive damages. (ECF No. 14). For the reasons that follow, Defendant's motion is denied.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. (ECF Nos. 12, 13).

1

**I.     BACKGROUND**

Plaintiffs are K.H., a minor, who resides with her guardians George and Anna Hare in Westmoreland County, Pennsylvania. Defendant is the owner and operator of a school bus company. According to Plaintiffs, on October 1, 2009, K.H. boarded a bus owned by Defendant and operated by its employee, Lois Stout, to return K.H. home from school where she was a kindergarten student. Amend. Compl. (ECF No. 9) at ¶¶ 7, 10. "As the bus proceeded to drop the students off, [Stout] became frustrated with the behavior of other children on the bus." *Id*. at ¶ 12. "Attempting to stifle the behavior of the other children on the bus, [Stout] rapidly, unexpectedly, unnecessarily, and unreasonably applied the brakes of the bus causing all of the passengers to be jolted by the sudden decrease in speed in an unusual and extraordinary manner beyond any passenger's reasonable anticipation." *Id*. at ¶ 13. K.H. "was sent flying off her seat to the floor into the metal bracket of the partition in front of her." *Id*. at ¶ 17. This impact caused a laceration to K.H.'s head, as well as a concussion, brain injury, and loss of vision. *Id*. at ¶ 24.

Due to this incident, Plaintiffs filed a Complaint, and then this Amended Complaint in this Court. In addition to facts supporting a claim for negligence, Plaintiffs also assert a number of facts in support of a claim for Defendant's negligent supervision and training of Stout. Specifically, Plaintiffs assert that Defendant was "aware, prior to the incident that is the subject to this suit, that [Stout] had a history of suddenly slamming on her brakes as a way of attempting to discipline school children passengers but [Defendant] did nothing … to stop this dangerous practice." *Id*. at ¶ 31. Plaintiffs also assert that Defendant was aware this was a common practice among its drivers, and that Defendant knew or should have known serious injury could occur. *Id*. at ¶ 33. In addition to compensatory damages, Plaintiffs seek punitive damages.

On December 17, 2021, Defendant filed the instant motion to dismiss and brief in support thereof. (ECF No. 14, 15). On January 19, 2022, Plaintiffs filed a response and brief, and Defendant filed a reply on February 2, 2022. (ECF Nos. 17-19). This matter is now ripe for disposition.

## II.  STANDARD OF REVIEW

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). Nevertheless, the court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist*., 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need to allege detailed factual allegations to survive a Rule 12(b)(6) motion, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S.

at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level" and be "sufficient to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. [] Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *Id*. A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

Finally, "when a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Third Circuit has a liberal policy favoring amendments." *Ricoh USA, Inc. v. Bailon*, 419 F. Supp. 3d 871, 875 (E.D. Pa. 2019). "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust. Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (internal citations omitted).

**III.   DISCUSSION**

Defendant sets forth two arguments in its motion to dismiss: 1) Defendant contends that Plaintiffs' claim for negligent supervision should be dismissed as duplicative because Defendant's employee was acting in the scope of employment; and 2) Defendant contends that Plaintiffs' assertions regarding punitive damages should be stricken. *See* Defs.' Br. (ECF No. 15) at 3-6, 6-7.  Because these two issues are related under these circumstances, this Court will address them together.

The following is an overview of Pennsylvania law regarding negligence, negligent supervision, and the relationship to punitive damages.  "Pennsylvania law recognizes the theory of *respondeat superior*, under which an employer is liable for torts of its employees 'which cause injuries to a third party, provided that such acts were committed during the course of and within the scope of the employment." *Bissett v. Verizon Wireless*, 401 F. Supp. 3d 487, 492 (M.D. Pa. 2019) (internal quotation marks omitted). "This applies to intentional conduct as well as negligent conduct." *Id*. at 492-93.  "The conduct of an employee is considered 'within the scope of employment' for purposes of vicarious liability if: (1) it is of a kind and nature that the employee is employed to perform; (2) it occurs substantially within the authorized time and space limits; [and] (3) it is actuated, at least in part, by a purpose to serve the employer." *Id*. at 493 (quoting *Vicky M. v. Ne. Educ. Intermediate Unit 19*, 486 F. Supp. 2d 437, 461-62 (M.D. Pa. 2007). "If the facts fail to support a reasonable inference that the employee was acting in furtherance of his employer's business, the servant's conduct falls outside the scope of his employment as a matter of law." *Id*.

> In addition to vicarious liability for the actions of its employees, a corporation may also be subject to direct liability for negligent entrustment, instruction, supervision, monitoring, and hiring of its employees. Notwithstanding, "courts have dismissed claims for negligent supervision and negligent hiring when a supervisor defendant concede[s] an agency relationship with the co-defendant." *See Calhoun v. Van Loon*, No. 3:12-cv-458, 2014 WL 3428876, at *4 (M.D. Pa.

July 11, 2014) (quoting *Fortunato v. May*, Civ. A. No. 04-1140, 2009 WL 703393, at *5 (W.D. Pa. Mar. 16, 2009)). **The lone exception to this general rule permits a direct liability claim to proceed against an employer who has admitted agency "when a plaintiff has a valid claim for punitive damages."** *See id.* (quoting *Sterner v. Titus Transp., LP*, No. 3:cv-10-2027, 2013 WL 6506591, at *3 (M.D. Pa. Dec. 12, 2013)). Accordingly,

> federal district courts in Pennsylvania have nearly unanimously declined to permit[ ] "claims for negligent entrustment, supervision, monitoring, and hiring to proceed when (1) the supervisor/employer defendant admits that its employee was acting in the scope of his or her employment at the time of the accident, and (2) the plaintiff does not have a viable claim for punitive damages against the supervisor/employer defendant.

*See Calhoun*, 2014 WL 3428876, at *4 (quoting *Sterner*, 2013 WL 6506591, at *3 (collecting cases)).

*Carson v. Tucker*, 530 F. Supp. 3d 560, 562-63 (E.D. Pa. 2021) (emphasis added).

"In this matter, Defendant, First Student, Inc., concedes agency."[2] Def.'s Br. (ECF No. 15) at 6. Thus, Plaintiffs may only maintain a negligent supervision claim to the extent they have alleged allegations sufficient to support a claim for punitive damages. *See Carson*, *supra*. According to Defendant, Plaintiffs have failed to do so. Defendant contends that the "Amended Complaint is without sufficient factual averments showing that [Defendant] committed any acts of a malicious or outrageous nature that warrant the imposition of punitive damages." Def.'s Br. (ECF No. 15) at 7.

> In Pennsylvania, punitive damages may be awarded for outrageous conduct constituting either an evil motive or reckless indifference to the rights of others. In particular, [p]unitive damages must be based on conduct which is malicious, wanton, reckless, willful, or oppressive. [Where a plaintiff does not appear to argue

---

[2] Specifically, Plaintiffs assert that Stout, an employee of Defendant, attempted "to stifle the behavior of the other children on the bus" by applying the brakes in an unsafe manner. Amend. Compl. (ECF No. 9) at ¶ 13. *See also* Def.'s Reply (ECF No. 19) at 2 (Defendant "concedes for all purposes that at all times relevant to the subject accident, that if [K.H.] was injured by [Defendant's] vehicle, then the driver of the [] vehicle was an employee of [Defendant] and was acting within her scope of employment.").

>that a defendant ] had an evil motive, the Court will assess whether [the defendant] was recklessly indifferent to the rights of others. In defining "reckless indifference," Pennsylvania courts have noted that an appreciation of the risk [of harm] is a necessary element of the mental state required for the imposition of [punitive] damages. In other words, a defendant acts with reckless indifference when he knows, or has reason to know, of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act, or to fail to act, in conscious disregard of, or indifference to, that risk. The Pennsylvania Supreme Court, however, has made it clear that punitive damages are an extreme remedy available in only the most exceptional matters. Ordinary negligence, involving inadvertence, mistake or error of judgment will not support an award of punitive damages.

*Achey v. Crete Carrier Corp.*, No. 07-CV-3592, 2009 WL 9083282, at *3 (E.D. Pa. Mar. 30, 2009) (internal citations and quotation marks omitted).

Instantly, Plaintiffs have pleaded that prior to this incident, Defendant was aware Stout "had a history of suddenly slamming on her brakes as a way of attempting to discipline school children passengers but [Defendant] did nothing before this incident." Amend. Compl. (ECF No. 9) at ¶ 31. Plaintiffs further allege that Defendant's management "was aware that it was a common practice among its school bus drivers employed at that location to suddenly slam on their brakes as a way of disciplining children on the bus." *Id.* at ¶ 32. These allegations, if later shown to be true, demonstrate more than ordinary negligence or inadvertence. Rather, they assert the possibility of reckless indifference, which is adequate to maintain a punitive damages claim at this stage. Therefore, at this stage of proceedings, this Court will not dismiss the punitive damages claim. Furthermore, because Plaintiffs have stated facts sufficient for a punitive damages claim, they may also maintain their negligent supervision and training claim against Defendant.

IV. **CONCLUSION**

Based on the foregoing, Defendant's motion to dismiss is denied. An appropriate Order follows.

Dated: April 14, 2022          .                              BY THE COURT:

7

                                              s/ Cynthia Reed Eddy
                                              Chief United States Magistrate Judge

cc:      Counsel of record

          *via electronic filing*